IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWONG ELLISON, | No. 2:15-CV-1554-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MANAI PRACHUMRUX, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Also before the court is plaintiff's motion for the appointment of counsel (Doc. 3).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5   allege with at least some degree of particularity overt acts by specific defendants which support
6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7   impossible for the court to conduct the screening required by law when the allegations are vague
8   and conclusory.

9          Plaintiff alleges that defendant verbally harassed him.  Allegations of verbal
10  harassment do not state a claim under the Eighth Amendment unless it is alleged that the
11  harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v.
12  Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th
13  Cir. 1996), amended by  135 F.3d 1318 (9th Cir. 1998).  While plaintiff vaguely alleges that he
14  has suffered psychological damage, plaintiff has not alleged any facts to suggest that defendant's
15  comments were made for the purpose of causing such damage.

16         Plaintiff seeks the appointment of counsel.  The United States Supreme Court has
17  ruled that district courts lack authority to require counsel to represent indigent prisoners in
18  § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
19  exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
20  28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
21  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional
22  circumstances" requires an evaluation of both the likelihood of success on the merits and the
23  ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal
24  issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be
25  viewed together before reaching a decision.  See id.
26  / / /

In the present case, the court does not at this time find the required exceptional circumstances. Specifically, plaintiff has demonstrated an ability to articulate his claims, which do not involve complex legal issues. In addition, for the reasons discussed above, the court finds that plaintiff has no likelihood of success on the merits.

Because it does not appear possible that the deficiencies identified herein with respect to plaintiff's complaint can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. 3) is denied; and

2. Plaintiff shall show cause in writing within 30 days of the date of this order why this action should not be dismissed for failure to state a claim.

DATED: March 10, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE